UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

KENNETH COLVIN #192744, JR.,

        Plaintiff,

v.

HEIDI E. WASHINGTON, et al.,

        Defendants.
_____/

Case No. 2:18-cv-150

Hon. Paul L. Maloney
U.S. District Judge

## REPORT AND RECOMMENDATION

### I. Introduction

This is a civil rights action brought by state prisoner Kenneth Colvin pursuant to 42 U.S.C. § 1983. Colvin's remaining First Amendment retaliation claims are against Defendants John Burke, Dave Koskela, Adam Berghart, Harold Crisp, and Frank Russo. Colvin asserts that Defendant Crisp issued him a false misconduct ticket on March 22, 2017. Colvin says that Defendant Burke reviewed misconduct tickets written against him by Defendants Koskela and Bernhardt and found him guilty because of his grievance filings.

In addition, Colvin alleges that Defendants Russo, Koskela, and Bernhardt each issued false retaliatory misconduct tickets against him. Defendants Russo, Koskela, and Bernhardt concede that Colvin exhausted his administrative remedies against them.

Defendants filed a motion for partial summary judgment arguing that Defendants Crisp and Burke should be dismissed due to Colvin's failure to exhaust his administrative remedies. (ECF No. 21.) Colvin has replied. (ECF No. 24.) The undersigned has reviewed the pleadings and associated documents and respectfully recommends that the Court grant in part and deny in part the motion for summary judgment. As to Defendant Crisp is recommended that the Court deny the motion. As to Defendant Burke it is recommended that the Court grant the motion.

## II. Summary Judgment Standard

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; *Kocak v. Comty. Health Partners of Ohio, Inc.*, 400 F.3d 466, 468 (6th Cir. 2005). The standard for determining whether summary judgment is appropriate is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *State Farm Fire & Cas. Co. v. McGowan*, 421 F.3d 433, 436 (6th Cir. 2005) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). The court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

### III. Exhaustion of Administrative Remedies

A prisoner's failure to exhaust his administrative remedies is an affirmative defense, which Defendants have the burden to plead and prove. *Jones v. Bock*, 549 U.S. 199, 212-16 (2007). "[W]here the moving party has the burden -- the plaintiff on a claim for relief or the defendant on an affirmative defense -- his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986). The Sixth Circuit has repeatedly emphasized that the party with the burden of proof "must show the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Cockrel v. Shelby Cnty. Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001). Accordingly, summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

Pursuant to the applicable portion of the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must exhaust his available administrative remedies. *Porter v. Nussle*, 534 U.S. 516, 532 (2002); *Booth v. Churner*, 532 U.S. 731, 733 (2001). A prisoner must first exhaust available administrative remedies, even if the prisoner may not be able to obtain the specific type of relief he seeks in the state administrative process. *Porter*, 534 U.S. at 520; *Booth*, 532 U.S. at 741; *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000); *Freeman v. Francis*, 196 F.3d 641, 643 (6th Cir. 1999).

In order to properly exhaust administrative remedies, prisoners must complete the administrative review process in accordance with the deadlines and other applicable procedural rules. *Jones*, 549 U.S. at 218-19; *Woodford v. Ngo,* 548 U.S. 81, 90-91 (2006). "Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.'" *Jones*, 549 U.S. at 218-19. In rare circumstances, the grievance process will be considered unavailable where officers are unable or consistently unwilling to provide relief, where the exhaustion procedures may provide relief, but no ordinary prisoner can navigate it, or "where prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Ross v. Blake*, 578 U.S. ___, 136 S.Ct. 1850, 1859-60 (2016).

"Beyond doubt, Congress enacted [Section] 1997e(a) to reduce the quantity and improve the quality of prisoner suits." *Porter*, 534 U.S. at 524. In the Court's view, this objective was achieved in three ways. First, the exhaustion requirement "afforded corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case." *Id.* at 525. Second, "the internal review might 'filter out some frivolous claims.'" *Id.* (quoting *Booth*, 532 U.S. at 737*).* And third, "adjudication could be facilitated by an administrative record that clarifies the contours of the controversy." *Id.* When institutions are provided adequate notice as required under the PLRA, the opportunity to address the claims internally furthers the additional goals of limiting judicial interference with prison administration. *Baker v. Vanderark*, 2007 U.S. Dist. LEXIS 81101 at *12.

Michigan Dept. of Corrections (MDOC) Policy Directive 03.02.130 (effective on July 9, 2007, superseded on March 18, 2019), sets forth the applicable grievance procedures for prisoners in MDOC custody at the time relevant to this complaint. Inmates must first attempt to resolve a problem orally within two business days of becoming aware of the grievable issue, unless prevented by circumstances beyond his or her control. *Id.* at ¶ P. If oral resolution is unsuccessful, the inmate may proceed to Step I of the grievance process and submit a completed grievance form within five business days of the attempted oral resolution. *Id.* at ¶¶ P, V. The inmate submits the grievance to a designated grievance coordinator, who assigns it to a respondent. *Id.* at ¶ V. The Policy Directive also provides the following directions for completing grievance forms: "The issues should be stated briefly but concisely. Information provided is to be limited to the facts involving the issue being grieved (i.e., who, what, when, where, why, how). Dates, times, places and names of all those involved in the issue being grieved are to be included." *Id.* at ¶ R (emphasis in original).

If the inmate is dissatisfied with the Step I response, or does not receive a timely response, he may appeal to Step II by obtaining an appeal form within ten business days of the response, or if no response was received, within ten days after the response was due. MDOC Policy Directive 03.02.130 at ¶¶ T, BB. The respondent at Step II is designated by the policy, *e.g.,* the regional health administrator for medical care grievances. *Id.* at ¶ DD.

If the inmate is still dissatisfied with the Step II response, or does not receive a timely Step II response, he may appeal to Step III using the same appeal form. *Id.*

at ¶¶ T, FF. The Step III form shall be sent within ten business days after receiving the Step II response, or if no Step II response was received, within ten business days after the date the Step II response was due. *Id.* at ¶¶ T, FF. The Grievance and Appeals Section is the respondent for Step III grievances on behalf of the MDOC director. *Id.* at ¶ GG.

"The total grievance process from the point of filing a Step I grievance to providing a Step III response shall generally be completed within 120 calendar days unless an extension has been approved." *Id.* at ¶ S.

In addition, the grievance policy provides that, where the grievance alleges conduct that falls under the jurisdiction of the Internal Affairs Division pursuant to Policy Directive 01.01.140, the prisoner may file his Step I grievance directly with the inspector of the institution in which the prisoner is housed, instead of with the grievance coordinator, as set forth in ¶ W of Policy Directive 03.02.130. *Id.* at ¶ R. In such instances, the grievance must be filed within the time limits prescribed for filing grievances at Step I. *Id.* Regardless of whether the grievance is filed with the grievance coordinator or the inspector, the grievance will be referred to the Internal Affairs Division for review and will be investigated in accordance with MDOC Policy Directive 01.01.140. The prisoner will be promptly notified that an extension of time is needed to investigate the grievance. *Id.*

Where the grievance procedures are not available because the issue presented is non-grievable, exhaustion of prison grievance procedures is not required. It is well-established that a prisoner "cannot be required to exhaust administrative remedies

regarding non-grievable issues." *Figel v. Bouchard*, 89 F. App'x 970, 971 (6th Cir. 2004); *Mays v. Kentucky Dept. of Corrections*, 2018 WL 4603153, at *3 (W.D. Ky. Sept. 25, 2018) ("It is beyond debate that an inmate cannot be required to exhaust administrative remedies regarding non-grievable issues."); *Reeves v. Hobbs*, 2013 WL 5462147 (W.D. Ark. Sept. 3, 2013) ("Defendants cannot treat a complaint as non-grievable, and therefore not subject to the grievance procedure, and then turn around and maintain the claim fails because [the plaintiff] failed to follow the grievance procedure. As the well known proverb states, they cannot have their cake and eat it too.").

However, where other administrative remedies are available, the prisoner is required to exhaust those available remedies prior to filing a federal lawsuit. For example, where an inmate claims that he received a retaliatory false misconduct, whether a Class I misconduct or a Class II or III misconduct[1], the inmate must first raise the issue during the Misconduct Hearing. *Siggers v. Campbell*, 652 F.3d 681, 693-94. If the inmate is claiming to have received a retaliatory Class I misconduct, he or she must then must "file a motion or application for rehearing [of his misconduct conviction] in order to exhaust his or her administrative remedies before seeking

---

[1] Violations of written rules within the MDOC are classified as either Class I, Class II or Class III misconducts. Class I consists of the most severe violations, and Class III consists of the least severe. While Class I misconducts are considered "major" misconducts and are "subject to all hearing requirements set forth in MCL 791.252", Class II and III misconducts are considered "minor" misconducts and are "subject to all requirements currently set forth in Department Administrative Rules and policy directives for 'minor' misconducts." MDOC Policy Directive (PD) 03.03.103 ¶ B (eff. date 07/01/18).

judicial review of the final decision or order." Mich. Comp. Laws § 791.255(1); *see also Siggers*, 652 F.3d at 693-94.  Alternatively, if the inmate is claiming to have received a retaliatory Class II or III misconduct, he or she must file an appeal based on retaliation.  MDOC PD 03.03.105 ¶¶ UUU-XXX; *see also Jones v. Heyns*, 2014 U.S. Dist. LEXIS 55712 at *13-17 (W.D. Mich. Jan. 28, 2014).

When prison officials waive enforcement of these procedural rules and instead consider a non-exhausted claim on its merits, a prisoner's failure to comply with those rules will not bar that prisoner's subsequent federal lawsuit.  *Reed-Bey v. Pramstaller*, 603 F.3d 322, 325 (6th Cir. 2010).  The Sixth Circuit has explained:

> [A] prisoner ordinarily does not comply with MDOCPD 130—and therefore does not exhaust his administrative remedies under the PLRA—when he does not specify the names of each person from whom he seeks relief.  *See Reed-Bey v. Pramstaller*, 603 F.3d 322, 324-25 (6th Cir. 2010) ("Requiring inmates to exhaust prison remedies in the manner the State provides—by, say, identifying *all* relevant defendants—not only furthers [the PLRA's] objectives, but it also prevents inmates from undermining these goals by intentionally defaulting their claims at each step of the grievance process, prompting unnecessary and wasteful federal litigation process.").  An exception to this rule is that prison officials waive any procedural irregularities in a grievance when they nonetheless address the grievance on the merits.  *See id.* at 325.  We have also explained that the purpose of the PLRA's exhaustion requirement "is to allow prison officials 'a fair opportunity' to address grievances on the merits to correct prison errors that can and should be corrected to create an administrative record for those disputes that eventually end up in court."  *Id.* at 324.

*Mattox v. Edelman*, 851 F.3d 583, 590-91 (6th Cir. 2017).[2]

---

[2] In *Mattox*, the Sixth Circuit held that a prisoner may only exhaust a claim "where he notifies the relevant prison . . . staff" regarding the specific factual claim "giving the prison staff a fair chance to remedy a prisoner's complaints."  *Id.* at 596.  For example, grieving a doctor about his failure to give cardiac catheterization failed to grieve the claim that the doctor erred by not prescribing Ranexa.

8

**IV. Analysis**

Defendant Crisp argues that Colvin failed to assert that the misconduct ticket was retaliatory during a misconduct hearing, because Colvin waived his right to a hearing and his right to appeal the hearing finding. Colvin was found guilty due to the waiver. Colvin argues that he did not waive the hearing and that the signature on the misconduct ticket is not his. Colvin says he was wrongfully denied a hearing and found guilty. Colvin argues that he appealed the misconduct guilty finding and that he also filed a grievance that was not rejected but denied at each level of the grievance process.[3]

The March 22, 2017, misconduct ticket written by Defendant Crisp with the waiver and sanctions imposed is shown below:

---

[3] Defendants did not attach copies of the misconduct appeal or the grievances that Colvin filed. Colvin has provided copies of his misconduct appeal (ECF No. 24-2, PageID.412) and his Step II and Step III grievance form (ECF No. 24-3, PageID.413) and the Step III response. (ECF No. 24-3, PageID.414.) Defendants have provided only a copy of the MDOC Prisoner Step III Grievance Report which shows that Grievance **URF 7-04-1192-1Z** was not rejected. (ECF No. 22-7, PageID.344.)

9

> **MICHIGAN DEPARTMENT OF CORRECTIONS**
> **MISCONDUCT REPORT**
> CSJ-228  10/10  4835-3228
>
> Prisoner Number: 192744
> Prisoner Name: Colvin
> Facility Code: URF-W   Lock: B-1-77   Violation Date: 3-22-17
>
> Time and Place of Violation: 1730 West Big Yard Entrance
> Contraband Removal Record Provided to Prisoner? ☐ Yes  Date___  ☒ N/A
>
> Misconduct Class: ☐ I  ☒ II  ☐ III   Charge(s): Insolence
>
> Describe Violation: At 1730 Hours on 3-22-17, After Telling Prisoner Colvin #192744 B-1-77 that he could not come back onto the West Big Yard after leaving it as the Small Yard was closed. Colvin looked directly at me and pointed his finger at me yelling, "I'm going to write your ass up Too!" Colvin's words and actions served no other purpose than to harrass and degrade me in front of other Prisoners in the Area. Colvin #192744 Id.ed by MDOC ID.
>
> Reporting Staff Member's Name (Print): %H. Crisp
> Date and Time Written: 3-22-17  2100 Hrs.
>
> Reviewing Officer's Name (Print): Sgt Bernet
> Review Date and Time: 3-23-17  1750
>
> SANCTIONS IMPOSED:
> 3 Days Toplock  Begins: 3-25-17  Ends: 3-28-17
>
> Employee Accepting Plea and Imposing Sanction (Print): Sgt Bernet   Date: 3-23-17
> Hearing Investigator's Name (Print): LT. McColl   Date: 3/24/17

(ECF No. 22-5, PageID.340.)

Colvin's appeal of the misconduct is shown below:

10

> **MICHIGAN DEPARTMENT OF CORRECTIONS**
> **CLASS II AND CLASS III MISCONDUCT APPEAL**
> CSJ-274 10/10 4835-3274
>
> **INSTRUCTIONS**
> 1. This form is to be used SOLEY for appealing Class II and Class III hearing decisions. If a Class II or Class III decision was combined with a Class I hearing decision, a Request for Rehearing (CSJ-418) must be filed.
> 2. This form must be submitted within 15 calendar days after receipt of the hearing officer's written decision.
> 3. Class II hearing decisions are appealed to the Deputy Warden.
> 4. Class III hearing decisions are appealed to the Assistant Deputy Warden (ADW). (NOTE: Prisoners at Woodland Center Correctional Facility (WCC) and the Women's Huron Valley Correctional Facility (WHV) appeal to a Captain designated by the Warden.)
> 5. State your reason for appeal.
> 6. Attach a copy of misconduct and hearing report. NOTE: ATTACHED COPY OF THE MISCONDUCT REPORT. DID NOT RECEIVED A HEARING REPORT, AND I WAS DENIED A HEARING.
>
> A rehearing shall be ordered if any of the following are found to have occurred:
>   a. The hearing was not conducted pursuant to Department policies and procedures and the departure from policy and procedure resulted in material prejudice to the prisoner.
>   b. The prisoner's due process rights were violated.
>   c. The decision of the hearing officer is not supported by the evidence on the record.
>
> | Prisoner's Number | Name | Block/Unit Number | Cell/Room Number | Date of Incident |
> |---|---|---|---|---|
> | 192744 | MR. KENNETH COLVIN, JR. | B-Unit | 177L | 03/22/2017 |
>
> | Date of Hearing | Misconduct Class: XX II □ III Charge(s) | Sentence |
> |---|---|---|
> | 03/23, 2017 | INSOLENCE (426) | 3 Days Top Lock |
>
> **BRIEFLY DESCRIBE THE BASIS OF YOUR APPEAL:**
> I am appealing this Class II msiconduct report, as my due process has been violated: 1. I requested a hearing which I was denied; 2. I requested that the kitchen & yard video footage be preserved and reviewed, as it would had shown that I had immediately came from the kitchen, and never was on the big yard, period (as you will see that I was stopped by a guard for a shake down, and when I attempted to proceed to the yard, C/O H. Crisp stopped me and told me that I could not come to the yard, which at that time I told him that I was writing a grievance on him for denying me yard). This misconduct report is a totally false misconduct report, and the video footage will support my position, that I was never on the big yard and he was aware of that, as the video will show him standing on the Big Yard Shack when he seen the officer stop me to shake me down by the Small Yard Tool Shack. Pursuant to PD 03.03.105 RR, which states in pertinent part: "A prisoner is not entitled to an investigation by a Hearing Investigator; however, <u>the facility hearing officer shall make a reasonable investigation of the charges and may direct the Hearing Investigator to collect additional evidence including statements form other staff and prisoners</u>". This is a clear violation to deny me a hearing on the misconduct report, denying my right to eivdence (the kitchen and big Yard video footage —which will prove my innocence and the fact that the reporting officer deliberately lied on this misconduct in retaliation in me telling him that I was going to write a grievance on him for denying me yard —as he was clearly aware that I never was on the yard because he seen the officer stop me for a shakedown as I was walking from the kitchen); and I will be reporting this to my attorneys who are handling my civil suit against MDOC for tasing me; and the ombudsman office AND I AM REQUESTING THAT ALL VIDEO FOOTAGE OF THIS INCIDENT IS PRESERVED FOR MY ATTORNEYS, COURT AND OMBUDSMAN REVIEW. (do not write below this line)
>
> **APPEAL RESPONSE:**
> Prisoner waived Right to appeal.
>
> Ex. 2
>
> ☑ Disapproved ☐ Approved ☐ Returned without action – not filed within 15 days
> 7 of 8 KLW
> Signature of Warden; Deputy Warden (Class II); Signature of ADW/WCC/WHV Captain (Class III)
> Date: 4-6-17

(ECF No. 24-2, PageID.412.) The appeal was disapproved due to the waiver of the right to appeal. Colvin says that he never waived a hearing and never waived his

11

right to appeal. In the opinion of the undersigned, a genuine issue of fact exists regarding whether Colvin waived his right to appeal and whether he exhausted his administrative remedies when he appealed his misconduct guilty finding and the denial of a hearing.

In addition, Colvin filed a grievance on this issue. It appears that the grievance was not rejected by the MDOC but denied on the merits. The Grievance Appeal form **URF-17-04-1070-17A** is attached below:

**MICHIGAN DEPARTMENT OF CORRECTIONS**
**PRISONER/PAROLEE GRIEVANCE APPEAL FORM**

4835-4248 5/09
CSJ-247B

Date Received by Grievance Coordinator at Step II: **MAY 04 2017**

Grievance Identifier: **URF 1 1704 070 17A**

**INSTRUCTIONS: THIS FORM IS ONLY TO BE USED TO APPEAL A STEP I GRIEVANCE.**
The white copy of the Prisoner/Parolee Grievance Form CSJ-247A (or the goldenrod copy if you have not been provided with a Step I response in a timely manner) **MUST** be attached to the white copy of this form if you appeal it at both Step II and Step III.

Ex. 3A

If you should decide to appeal the Step I grievance response to Step II, your appeal should be directed to: **URF Warden's Office** by **5-3-17**. If it is not submitted by this date, it will be considered terminated. untimely.

If you should decide to appeal the response you receive at Step II, you should send your Step III Appeal to the Director's Office, P.O. Box 30003, Lansing, Michigan, 48909.

| Name (Print first, last) | Number | Institution | Lock Number | Date of Incident | Today's Date |
|---|---|---|---|---|---|
| MR. KENNETH COLVIN, JR. | 192744 | URF-W | B-177L | 03/22/17 | 04/23/17 5 |

**STEP II — Reason for Appeal** It is clearly evident the Respondent totally failed to review the requested video recordings which will show that I never left from the yard, and C/O Crisp saw me come from the kitchen, and was stopped for a shakedown, and after the shakedown was completed, I then tried to proceed to the yard when I was stopped by C/OP Crisp, and I told him that I was writing a grievance on him for denying me yard, and then he written a totally false lying misconduct report in retaliation in me telling him that was writing him up for denying yard. The video supports my claims in this grievance, and I am requesting that the video footage is reviewed and save, because I will be filing a complaint and civil suit on this matter.

**STEP II — Response**

See Attached

Date Received by Step II Respondent: **MAY 04 2017**

DAVE ISARD, ALWFRDEN
Respondent's Name (Print)    Respondent's Signature    Date  5-10-17

Date Returned to Grievant: **5-12-17**

**STEP III — Reason for Appeal** The grievance is not resolved, as the Warden has failed to properly investigate the matter in reviewing the video footage of the incident in question. Pursuant to PD 03.02.130, subsection H which explicitly states in part: "...(I)f the grievance references documents and those documents are not in prisoner's files or otherwise available to the grievance coordinator or respondent except through the prisoner, the documents shall be reviewed with the prisoner....", and the recording of the documents shall be retained. This has not been done and the video would support my grievance.

NOTE: Only a copy of this appeal and the response will be returned to you.

**STEP III —** Director's Response is attached as a separate sheet.

DISTRIBUTION: White — Process to Step III; Green, Canary, Pink — Process to Step II; Goldenrod — Grievant

(ECF No. 24-3. PageID.413.)

The Step III response denying the grievance is attached below:

13

STEP III GRIEVANCE DECISION

90244
17A

To Prisoner:  Colvin        #: 192744
Current Facility: URF
Grievance ID #:   URF-17-04-1070-17A
Step III Received: 5/19/2017

Ex. 3B

Your Step III appeal has been reviewed and considered by the Grievance Section of the Office of Legal Affairs in accordance with PD 03.02.130, "Prisoner/Parolee Grievances". Upon examination it has been determined that your issue was in fact considered, investigated, and a proper decision was rendered.

**THE STEP III APPEAL IS DENIED.**

THIS DECISION CANNOT BE APPEALED WITHIN THE DEPARTMENT.

*[signature]*      Date Mailed:
Richard D. Russell, Manager Grievance
Section, Office of Legal Affairs

cc: Warden, Filing Facility: URF

(ECF No. 24-3, PageID.414.) Therefore, it appears that the MDOC did not reject Colvin's grievance, but decided the issue asserted on the merit of his claims. The MDOC set up the procedures and the rules for prisoners to exhaust administrative remedies. It is the obligation of the MDOC, not this Court, to enforce those rules. *Reed-Bey*, 603 F.3d at 325. By failing to reject the grievance, the MDOC cannot now claim that Colvin's issue was not properly grieved. Therefore, in the opinion of the undersigned, Colvin exhausted his retaliation claim against Defendant Crisp via the grievance process.

15

Defendant Burke asserts that Colvin never properly exhausted his administrative remedies against him. Colvin filed grievance **URF -18-06-1665-27A** against Defendant Burke, but that grievance was rejected as presenting a non-grievable issue. The Step I grievance and response are attached below:

## MICHIGAN DEPARTMENT OF CORRECTIONS
## PRISONER/PAROLEE GRIEVANCE FORM

4835-4247 10/94
CSJ-247A

Date Received at Step I **6-12-18**   Grievance Identifier: **URF 18 06 1665 27A**

Be brief and concise in describing your grievance issue. If you have any questions concerning the grievance procedure, refer to PD 03.02.130 and OP 03.02.130 available in the prison Law Library.

| Name (print first, last) | Number | Institution | Lock Number | Date of Incident | Today's Date |
|---|---|---|---|---|---|
| MR. KENNETH COLVIN, JR. | 192744 | URF | F-171 | 06/07/18 | 06/07/18 |

What attempt did you make to resolve this issue prior to writing this grievance? On what date? **06/07/2018**
If none, explain why. I had personally spoke with Capt. Burke regarding this matter and his comments he made regarding me telling his staff members (friends) that I was writing grievances on them for their unprofessional behavior, and the issue was not resolved, as he has abused his authority. Therefore, this matter is not resolved.

State problem clearly. Use separate grievance form for each issue. Additional pages, using plain paper, may be used. Four copies of each page and supporting documents must be submitted with this form. The grievance must be submitted to the Grievance Coordinator in accordance with the time limits of OP 03.02.130.

I am writing this grievance on Capt. Burke and any other JOHN/JANE DOE(S) responsible in this matter for his unprofessional behavior, explicitly telling me that he does not approve of my grievance writing of his staff, when he told me that he was finding guilty of the two (2) misconduct report, and giving me the maximum sanctions of five (5) days top lock and thirty (30) days LOP for each misconduct report —which he made clear he was doing this out of retaliation and continued harassment (which he refused to accept my two typed written statement in which I requested questions to be asked of witnesses, video evidence reviewed and my defense presented, as you can see in video footage in the East Education at about 1940-1945 that I had the full sized papers in my hand when he told me to step out the office, and he went to another office to get some appeal forms. His statements were not related to the hearing process, but in fact, to continue retaliatory actions against me for my merited grievance writing. This is a total violation of MDOC policies, and for RELIEF: I am requesting an investigation on this matter, and that he is disciplined.

Grievant's Signature

RESPONSE (Grievant Interviewed?  ☐ Yes  ☒ No    If No, give explanation. If resolved, explain resolution.)

See attached response

Respondent's Signature   **6-12-18** Date   Reviewer's Signature   **6/13/18** Date
M. McLean                GC Working Title    F. Blank                  A/DW Working Title
Respondent's Name (Print)                    Reviewer's Name (Print)

(ECF No. 22-6, PageID.405.)

```
Michigan Department of Corrections
GRIEVANCE REJECTION LETTER

DATE:     Tuesday, June 12, 2018

TO:       COLVIN KENNET      192744 LOCATION: URF  H   171

FROM:     M. McLean, Grievance Coordinator

SUBJECT:  Receipt/Rejection/Denial for Step I Grievance

Your Step I grievance regarding    Nongrievable
was received in this office on   06/12/18   and was rejected due to the following reason:

Per PD 03.02.130 Decisions made in Class II and Class III misconduct hearings, including
property disposition, are non-grievable. Your avenue of recourse is through the rehearing
process not through the grievance process.
Any future references to this grievance should utilize this identifier:
       URF —  18—  06 —   1665   — 27  A
```

(*Id.* at PageID.404.) The rejection of the grievance was upheld through Step III. (*Id.* at PageID.401-402.) Colvin was told that his "avenue of recourse is through the rehearing process not through the grievance process." It appears that Colvin never raised his retaliation claims against Defendant Burke through the rehearing process.[4]

## IV. Recommendation

The undersigned respectfully recommends that this Court grant in part and deny in part Defendants' motion for summary judgment as follows:

---

[4]  Colvin attached two Class II and Class III misconduct Appeal forms to his complaint. (ECF No. 1-9, PageID.54 and ECF No. 1-10, PageID.58.) The writing on those forms are mostly illegible. Defendants Bernhardt and Koskela concede that those forms establish that Colvin exhausted his administrative remedies against them. Those forms cannot be read to show that Colvin exhausted his administrative remedies against Defendant Burke.

17

(1) find that Colvin exhausted his administrative remedies against Defendant Crisp.

(2) find that Colvin failed to exhaust his administrative remedies against Defendant Burke.

If the Court accepts this recommendation, Defendant Burke will be dismissed from this case and Colvin's remaining retaliation claims will be against Defendants Crisp, Bernhardt, Koskela, and Russo.

Dated:   November 26, 2019            /s/ *Maarten Vermaat*
                                      MAARTEN VERMAAT
                                      U. S. MAGISTRATE JUDGE

**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).