UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENNETH COLVIN, JR., #192744,      )
                  Plaintiff,    )
                             )  No. 2:18-cv-150
v.                                 )
                             )  Honorable Paul L. Maloney
HEIDI E. WASHINGTON, ET AL.        )
                Defendants.   )
                             )

## ORDER ADOPTING REPORT & RECOMMENDATION AND GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

This matter was referred to the Honorable Maarten Vermaat, United States Magistrate Judge, who issued a Report & Recommendation ("R&R") on July 28, 2021 (ECF No. 87). The R&R recommends that the Court grant in part and deny in part Defendants' motion for summary judgment. Plaintiff was given fourteen days to file written objections to the proposed findings and recommendation per 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). Plaintiff subsequently filed two objections to the R&R (ECF No. 88), and Defendants submitted a response (ECF No. 90). Because Plaintiff's objections failed to raise a genuine issue of material fact as to his claims against Defendants Koskela and Bernhardt, the Court will adopt the R&R and grant Defendants' motion for summary judgment as to Plaintiff's claims against Defendants Koskela and Bernhardt, and deny Defendants' motion for summary judgment as to Plaintiff's claims against Defendants Crisp and Russo.

After being served with a report and recommendation issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and

recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Only objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam). "[A]n objection that does nothing more than state a disagreement with the magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in the context of Federal Rule of Civil Procedure 72." *Brown v. City of Grand Rapids*, No. 16-2433, 2017 WL 4712064, at *2 (6th Cir. June 16, 2017).

This Court conducted a de novo review. On review of the evidence, the R&R is adopted over Plaintiff's objections. Plaintiff first objects to the magistrate judge's recommendation that his claim against Defendant Bernhardt be dismissed (ECF No. 88 at PageID.747-48). Plaintiff's First Amendment retaliation claim alleges that Sgt. Bernhardt issued Plaintiff a misconduct ticket after he threatened to file a grievance against Sgt. Bernhardt for being forced to report for review of a different misconduct ticket. Defendants assert that Colvin's threat of filing a grievance against Sgt. Bernhardt was not protected conduct under the First Amendment because there was no basis for the grievance, rendering it a frivolous threat. On the other hand, Plaintiff argues that his threat was not frivolous because the Michigan Department of Corrections Policy Directive ("MDOC PD") gives him the right to refuse review of a misconduct ticket, so he was being forced to attend the review in violation of the MDOC PD. But under MDOC PD 03.03.105, prisoners do not have this right. The R&R cites § KK of MDOC PD 03.03.105, which outlines the procedure for review of a Class II misconduct ticket—the type of ticket that Plaintiff was under review for—which

2

states that a supervisory staff level member shall conduct a review of a Class II misconduct ticket within 24 hours after the report is issued (*see* ECF No. 87 at PageID.741). In his objection, Plaintiff also cites to MDOC PD 03.03.105 and appears to quote language from this policy directive that gives him a right to refuse review (*see* ECF No. 88 at PageID.748). But this "quoted" language appears nowhere in MDOC PD 03.03.105. Consequently, the R&R correctly concludes that the MDOC PD does not give Plaintiff a right to refuse to attend a misconduct review, meaning a grievance on this issue would be frivolous. Plaintiff cannot show that his threat to file a grievance against Sgt. Bernhardt was protected activity under the First Amendment, and thus, there is no genuine issue of material fact on this claim.

Plaintiff's next objection is that his claim against Defendant Koskela should also remain (ECF No. 88 at PageID.749). The basis of this First Amendment retaliation claim is that Sgt. Koskela also issued Plaintiff an improper misconduct ticket when Plaintiff threatened to file a grievance against Sgt. Koskela. But again, Plaintiff cannot establish that his conduct was protected under the First Amendment. In this scenario, Plaintiff overheard Sgt. Koskela reviewing another prisoner's misconduct ticket. He says that the review was being conducted improperly because it was 24 hours after the issuance of the ticket in violation of MDOC PD 03.03.105, so Plaintiff felt compelled to intervene in the review process and notify the other prisoner of this improper procedure. Plaintiff admits in his affidavit to interfering in the review process (ECF No. 65-7 at PageID.600), and Plaintiff had no right to do so, which the R&R correctly concludes. He objects on the grounds that the magistrate judge failed to consider *King v. Zamiara*, 680 F.3d 686 (6th Cir. 2012), which states that a prisoner's assistance to other prisoners using the prison's grievance system is

3

protected conduct. But according to *Berkshire v. Dahl*, 928 F.3d 520, 531 (6th Cir. 2019), a prisoner only has a right to assist other prisoners with their legal claims if it is necessary to help that prisoner access the courts. In *King*, the plaintiff successfully showed such necessity. *King v. Zamiara*, 150 F. App'x 485, 492 (6th Cir. 2005) ("Because King has offered evidence that his assistance was necessary for other inmates to access the courts, his assistance to other inmates was protected conduct . . . 'an inmate does not have an independent right to help other prisoners with their legal claims'") (citing *Thaddeus-X v. Blatter*, 175 F.3d 378, 395 (6th Cir. 1999)). In Plaintiff's case, he has made no such showing of necessity. Thus, this objection is overruled.

Because Defendants did not object to the R&R's findings of genuine issues of material fact regarding Plaintiff's claims against Defendants Crisp and Russo, those claims will not be dismissed on summary judgment.

Given that there are no errors in the magistrate judge's analysis, the Court accepts the magistrate's recommendation to grant Defendants' motion for summary judgment as to Defendants Koskela and Bernhardt, deny summary judgment as to Defendants Crisp and Russo, and dismiss Plaintiff's claims against all remaining Defendants in their official capacities in accordance with the Eleventh Amendment. Accordingly,

**IT IS HEREBY ORDERED** that the Court **ADOPTS** the Report and Recommendation (ECF No. 87) as the Opinion of the Court.

**IT IS FURTHER ORDERED** that the Court **GRANTS** Defendants' motion for summary judgment (ECF No. 64) as to Plaintiff's claims against Defendants Koskela and

5

Bernhardt, and **DENIES** Defendants' motion for summary judgment (ECF No. 64) as to Plaintiff's claims against Defendants Crisp and Russo.

   **IT IS FURTHER ORDERED** that the claims against all remaining Defendants in their official capacities are **DISMISSED**.

   **IT IS SO ORDERED.**

**Date:** September 29, 2021         /s/ Paul L. Maloney
                        Paul L. Maloney
                        United States District Judge