UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

KENNETH COLVIN, Jr. #192744,

      Plaintiff,

v.

HEIDI E. WASHINGTON, et al.,

      Defendants.

_____/

Case No. 2:18-cv-150

Hon. Paul L. Maloney
U.S. District Judge

# REPORT AND RECOMMENDATION

## I.    Introduction

This Report and Recommendation (R&R) addresses Defendant Lieutenant (Lt.) Burke's motion for summary judgment (ECF No. 94).

Plaintiff — state prisoner Kenneth Colvin, Jr. — filed suit pursuant to 28 U.S.C. § 1983 on September 10, 2018. In his verified complaint, Colvin asserted in pertinent part that while he was confined at the Chippewa Correctional Facility (URF) in Kincheloe, Michigan, he endured a series of retaliatory actions at the hands of two URF Sergeants and a URF Lieutenant. (ECF No. 1, PageID.9-13.) Specifically, Colvin alleged that on May 28, 2018, he threatened to file a grievance against URF Sgt. Koskela and on May 30, 2018, he threatened to file an unrelated grievance against URF Sgt. Bernhardt.[1] (*Id.*, PageID. 10, 12.) On the same dates, he filed the

---

[1]    Colvin initially named Sgt. Bernhardt as Sgt. "Berghart." (ECF No. 1, PageID.4.)

threatened grievances. (*Id.*, PageID.11, 12-13.) Colvin says that, on May 29, 2018, Sgt. Koskela issued Colvin a misconduct ticket in retaliation for his threat to file a grievance, and on May 30, 2018, Sgt. Bernhardt issued Colvin a misconduct ticket, also in retaliation for his threat to file a grievance. (*Id.*, PageID.11, 13.) Colvin filed additional grievances based on the alleged retaliation on May 30, 2018, and May 31, 2018. (*Id.*) Colvin then alleged that on June 7, 2018, URF Lt. Burke conducted hearings on the misconduct tickets issued by both Sgt. Koskela and Sgt. Barnhardt, found Colvin guilty of the misconduct charges, and issued maximum sanctions because Burke "did not approve of [Colvin's] grievance writing of [Burke's] staff." (*Id.*, PageID.9.)

This Court has already determined that Colvin's initial threats against Sgt. Koskela and Sgt. Bernhardt were frivolous and therefore dismissed Colvin's retaliation claims against the Sergeants. (ECF No. 91, PageID.762-764.) The question that remains is whether Colvin can build an additional retaliation claim against Lt. Burke on the foundation of his frivolous grievances. Lt. Burke moves for summary judgment (ECF No. 93), asserting that Colvin cannot (ECF No. 94, PageID.778-782). Because the initial grievances were frivolous, Burke asserts that the grievances asserting retaliation were also frivolous. (*Id.*)

The undersigned respectfully recommends that this Court grant Lt. Burke's motion for summary judgment. The undersigned finds that there are no genuine issues of material fact, and that when a prisoner sets forth a multi-level, multi-defendant retaliation claim beginning with conduct that is not protected, the claim

2

fails at all levels. If the Court accepts this recommendation, Lt. Burke will be dismissed from this case and only Colvin's retaliation claims against CO Crisp and CO Russo will remain.

## II.   Procedural History

Colvin initially asserted retaliation, conspiracy, deliberate indifference, and due process claims against twenty-two defendants.[2] (ECF No. 1, PageID.6-36.) Colvin alleged that prison staff: (1) retaliated against him for filing grievances by transferring him to a more restrictive housing unit, issuing false misconduct tickets, finding him guilty on misconduct tickets, and issuing maximum sanctions for misconduct tickets (*id.*, PageID.6-20, 22-26), (2) conspired to retaliate against him by terminating his employment (*id.*, PageID.20-22), and (3) placed him in an extremely hot cell without a fan in deliberate indifference to his risk for heat-related illness (*id.*, PageID.26-29). Colvin also asserted that the MDOC maintains Class II and III misconduct hearing procedures that violate Due Process. (*Id.*, PageID.30-36.)

On February 11, 2019, this Court dismissed Defendants Washington, Horton, Batho, Lacrosse, Derry, Pawley, Sturm, Thompson, Corey-Spiker, McLean, McDonnell, Perry, Benson, Bawks, Radike, Olmstead, and Wallace after finding that

---

[2]   Colvin named the following officials as Defendants: (1) Warden Horton, (2) Resident Unit Manager (RUM) Batho, (3) RUM Lacrosse, (4) Assistant Resident Unit Supervisor (ARUS) Derry, (5) Lt. Burke, (6) Sgt. Pawley, (7) Sgt. Sturm, (8) Prison Counselor (PC) Thompson, (9) Classification Director Corey-Spiker, (10) Grievance Coordinator McLean, (11) Nurse McDonnell, (12) Sgt. Koskela, (13) Sgt. Bernhardt, (14) Corrections Officer (CO) Perry, (15) CO Benson, (16) CO Bawks, (17) CO Radike, (18) CO Crisp, (19) CO Olmstead, (20) Michigan Department of Corrections (MDOC) Director Washington, (21) CO Russo, (22) MDOC Head of Policy. (ECF No. 1, PageID.2-5.)

Colvin failed to state claims against them. (ECF No. 6, PageID.247.) This left Colvin's retaliation claims against Defendants Russo, Burke, Koskela, Bernhardt, and Crisp. (ECF No. 5, PageID.246.)

On July 15, 2019, the remaining Defendants moved for partial summary judgment based on Colvin's failure to exhaust his available administrative remedies with respect to his claims against Lt. Burke and CO Crisp. (ECF No. 21.) The undersigned determined that Colvin had exhausted his claim against CO Crisp via the grievance process but failed to exhaust his claim against Lt. Burke via the misconduct hearing process. (ECF No. 39, PageID.458-466.) The undersigned therefore recommended that the Court grant Defendants' motion with respect to Lt. Burke but deny Defendants' motion with respect to CO Crisp. (*Id.*, PageID.466-467.) District Judge Paul L. Maloney adopted the undersigned's recommendation over Colvin's objections on March 4, 2020 and dismissed Burke from the case. (ECF No. 45.) But on March 23, 2020, Colvin moved for reconsideration (ECF No. 49), which the Court ultimately granted on February 11, 2021, reinstating Colvin's retaliation claim against Lt. Burke (ECF No. 76, PageID.704).

On September 28, 2020, prior to Burke's reinstatement, Defendants Bernhardt, Crisp, Koskela, and Russo moved for summary judgment on the merits. (ECF No. 64.) After determining that Colvin was not engaged in protected conduct prior to the alleged adverse action by Koskela and Bernhardt (ECF No. 87, PageID.737-741), the undersigned recommended that the Court dismiss Koskela and Bernhardt (*id.*, PageID.746). The undersigned also recommended that the Court

4

dismiss Colvin's claims against Crisp and Russo in their official capacity, leaving only Colvin's retaliation claims against Crisp and Russo in their individual capacities. (*Id.*) On September 29, 2021, Judge Maloney adopted the undersigned's recommendation over Colvin's objections. (ECF No. 91.)

On October 6, 2021, Lt. Burke filed the present motion. (ECF No. 93.)

### III. Pertinent Factual Allegations

On May 29, 2018, Colvin says that he was waiting for his legal mail when he overheard Sgt. Koskela reviewing a misconduct report with another prisoner. (ECF No. 1, PageID.12.) After hearing that the misconduct report had been issued on May 2, 2018, Colvin intervened and advised the prisoner that the misconduct report had to be dismissed due to its untimely review. Sgt. Koskela allegedly responded by cursing at Colvin and telling him to mind his own business, or else Koskela would put him in segregation. (*Id.*) Colvin told Koskela that he would be writing a grievance against him for threatening Colvin and acting unprofessionally. (*Id.*) Colvin then wrote grievance URF-18-06-1536-17a. (*Id.*, PageID.12-13.) On the same day, Sgt. Koskela wrote Colvin a misconduct report. (*Id.*, PageID.13.) Colvin says the report was "totally false." (*Id.*)

The next day, May 30, 2018, Sgt. Bernhardt conducted a review with Colvin of the misconduct report issued by Sgt. Koskela. (*Id.*, PageID.10.) Colvin says that he was on his way to dinner at the time of the review, and that MDOC policy did not require him to attend the review. Nevertheless, Sgt. Bernhardt ordered Colvin to attend the review. (*Id.*) Colvin informed Sgt. Bernhardt that he would be writing a

grievance against Bernhardt for requiring his attendance at the review. (*Id.*) Immediately after the review, Colvin says that he filed grievance <u>URF-18-06-1537-27a</u>, asserting that Sgt. Bernhardt improperly ordered Colvin to attend the misconduct review, and grievance <u>URF-18-06-1538-27a</u>, asserting that Sgt. Koskela issued a false retaliatory misconduct report in response to Colvin's May 29, 2018, threat to file a grievance against Koskela. (*Id.*, PageID.11.)

On May 31, 2018, Colvin attended another misconduct review, this time for a misconduct report issued by Sgt. Bernhardt following the May 30, 2018, review of Koskela's misconduct report. Once again, Colvin says that this misconduct report was "totally false." (*Id.*) Immediately following the review, Colvin wrote grievance <u>URF-18-06-1539-27a</u>, alleging that Sgt. Bernhardt issued a false retaliatory misconduct report in response to Colvin's May 20, 2018, threat to file a grievance against Bernhardt. (*Id.*, PageID.12.)

On June 7, 2018, Lt. Burke conducted hearings on the two Class II misconduct reports issued by Sgt. Koskela and Sgt. Bernhardt. (*Id.*, PageID.9.) Colvin says that during the hearing, Lt. Burke informed Colvin that he was finding Colvin guilty of the reports because Burke "did not approve" of Colvin writing grievances against Burke's staff. (*Id.*) Lt. Burke then found Colvin guilty and issued maximum sanctions. (*Id.*) Colvin immediately filed grievance <u>URF-18-06-1665-27a</u> against Burke. (*Id.*)

Lt. Burke agrees that he conducted the hearing for the two misconduct reports on June 7, 2018. (ECF No. 94-2, PageID.793 (Lt. Burke's Affidavit).) However, Burke

6

contends that he found Colvin guilty of the misconducts because the issuing officers were credible, and the evidence supported the statements made by the issuing officers. (*Id.*) Burke says that his decisions were not based on Colvin's grievances, nor did he tell Colvin that they were. (*Id.*) Lt. Burke further states that the sanctions he issued were based on, and warranted by, the violations that Colvin had committed. (*Id.*, PageID.793-794.)

### IV.  Summary Judgment Standard

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; *Kocak v. Comty. Health Partners of Ohio, Inc.*, 400 F.3d 466, 468 (6th Cir. 2005). The standard for determining whether summary judgment is appropriate is "whether the evidence presents a sufficient disagreement to require submission to a jury[3] or whether it is so one-sided that one party must prevail as a matter of law." *State Farm Fire & Cas. Co. v. McGowan*, 421 F.3d 433, 436 (6th Cir. 2005) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). The court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

---

[3]  Disputed issues of fact regarding exhaustion under the PLRA may be decided in a bench trial and need not be submitted to a jury. *Lee v. Willey*, 789 F.3d 673, 678 (6th Cir. 2015).

## V. Retaliation

Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). In order to set forth a First Amendment retaliation claim, a plaintiff must establish that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated by the protected conduct. *Id*. To prevail on a retaliation claim, retaliatory motive "must be a 'but-for' cause [of the injury], meaning that the adverse action against the plaintiff would not have been taken absent the retaliatory motive." *Nieves v. Bartlett*, 139 S. Ct. 1715, 1721 (2019). The Sixth Circuit employs a burden-shifting approach with regards to the causal requirement:

> Once the plaintiff has met his burden of establishing that his protected conduct was a motivating factor behind any harm, the burden of production shifts to the defendant. If the defendant can show that he would have taken the same action in the absence of the protected activity, he is entitled to prevail on summary judgment.

*Blatter*, 175 F.3d at 399.

The Sixth Circuit has explained that "protected conduct includes a prisoner's 'undisputed First Amendment right to file grievances against prison officials on his own behalf.'" *Hill v. Lappin*, 630 F.3d 468, 472 (6th Cir. 2010) (quoting *Herron v. Harrison*, 203 F.3d 410, 415 (6th Cir. 2000)). "If the grievances are frivolous, however, this right is not protected." *Id*. Prisoners "cannot exercise that right in a manner that violates legitimate prison regulations or penological objectives." *Smith*,

8

250 F.3d at 1037. "'Abusive or manipulative use of a grievance system [is] not ... protected conduct,' and prison officials may take action in response to the prisoner's improper use of the grievance process as long as the response aligns with a legitimate penological goal." *Griffin v. Berghuis*, 563 F. App'x 411, 416 (6th Cir. 2014) (quoting *King v. Zamiara*, 680 F.3d 686, 699 (6th Cir. 2012)).

As noted above, Lt. Burke asserts that Colvin's grievances were frivolous. (ECF No. 94, PageID.778-782.) Burke breaks these grievances down into: (1) Colvin's grievance against Sgt. Koskela, complaining that Koskela was unprofessional,[4] (2) Colvin's grievance against Sgt. Bernhardt for ordering Colvin to report for a misconduct review,[5] (3) Colvin's grievance against Koskela for issuing a retaliatory misconduct report,[6] and (4) Colvin's grievance against Bernhardt for issuing a retaliatory misconduct report.[7] (*Id.*, PageID.779.) In making his arguments, Burke lays out the alleged protected conduct more clearly than Colvin did in his complaint. (*See* ECF No. 1, PageID.10 ("The Plaintiff had engaged in protected conduct when he wrote merited grievances on Defendant Burke's staff.").) Burke says that this Court already determined that the first two grievances against Sgt. Koskela and Sgt. Bernhardt were frivolous when it dismissed Colvin's claims against Koskela and Bernhardt. (ECF No. 94, PageID.779-780 (citing ECF No. 91, PageID.761-762).) And Burke contends that the remaining grievances are frivolous because this Court

---

[4] Grievance URF-18-06-1536-17a. (ECF No. 1-16, PageID.68.)
[5] Grievance URF-18-06-1537-27a. (ECF No. 1-14, PageID.64.)
[6] Grievance URF-18-06-1538-27a. (ECF No. 1-17, PageID.70.)
[7] Grievance URF-18-06-1539-27a. (ECF No. 1-15, PageID.66.)

9

dismissed the retaliation claims that were set forth in the grievances. (*Id.*, PageID.781-782.)

In response, Colvin does not contest that his grievances against Koskela and Bernhardt were frivolous. Instead, Colvin asserts that his protected conduct was threatening to file a grievance against Lt. Burke during the misconduct hearing, not writing grievances against Koskela and Bernhardt. (ECF No. 96, PageID.801)

As an initial matter, the undersigned notes that Colvin did not assert in his Complaint that he threatened to file a grievance against Lt. Burke during the misconduct hearing. (*See* ECF No. 1, PageID.9-10.) Nor did Colvin assert in the grievance he filed against Burke that he threatened to file a grievance during the hearing. (*See* ECF No. 22-6, PageID.405.) Instead, Colvin clearly asserts in both documents that Burke retaliated against him for filing grievances against Burke's staff. (ECF No. 1, PageID.9 ("The Plaintiff had engaged in protected conduct when he wrote merited grievances on Defendant Burke's staff."); ECF No. 22-6, PageID.405 ("[Burke's] statements were not related to the hearing process, but in fact, to continue retaliatory actions against me for my merited grievance writing.").) As such, the undersigned considers only whether Colvin was engaged in protected conduct when he filed grievances against Sgt. Koskela and Sgt. Bernhardt, or whether the grievances were frivolous.

Beyond the general acknowledgment that grievances used to abuse or manipulate the grievance system are frivolous, limited authority exists as to what renders a grievance frivolous. As acknowledged by the Sixth Circuit in *Maben v.*

10

*Thelen*, "cases in this Circuit appear to suggest that a prisoner's grievance is frivolous when the underlying grievance itself is de minimis." 887 F.3d 252, 264–65 (6th Cir. 2018) (collecting cases). This Court has also found grievances involving "verifiably untrue" allegations to be frivolous. *Chrzan v. Mackay*, No. 1:19-cv-116, 2020 WL 7774741, at *3 (W.D. Mich. Nov. 30, 2020) (finding that the plaintiff's grievance was frivolous where a video recording of the underlying event contradicted the allegations in the grievance), *report and recommendation adopted*, No. 1:19-cv-116, 2020 WL 7773419 (W.D. Mich. Dec. 30, 2020).

As noted above, Colvin's complaint sets forth a multi-level retaliation claim that begins with Colvin's interference into a misconduct review that Sgt. Koskela was conducting with another prisoner, and Colvin's participation in a misconduct review that Sgt. Bernhardt ordered him to attend. This Court has already determined that Colvin's threats to file grievances with respect to these incidents were frivolous, and that Colvin's claims that Sgt. Koskela and Sgt. Bernhardt retaliated against him for his threats by issuing false misconduct reports were meritless.[8] (ECF No. 91, PageID.763-764.)

---

[8] Although the alleged protected conduct underlying Colvin's retaliation claim against Burke is filing the grievances as opposed to threatening to file the grievances, the analysis is the same. Colvin's grievance URF-18-06-1536-17a against Koskela for unprofessional behavior is frivolous because Colvin wrongfully interfered in another prisoner's misconduct review process. (ECF No. 91, PageID.763-764.) Colvin's grievance URF-18-06-1537-27a against Sgt. Bernhardt for forcing Colvin to attend a misconduct review is frivolous because "MDOC PD [03.03.105] does not give [Colvin] a right to refuse to attend a misconduct review." (*Id.*, PageID.763.)

11

The undersigned acknowledges that there are circumstances in which a prisoner's complaint will rise to the level of protected conduct, but not to the level of a constitutional violation. *Rayos v. Leavitt*, No. 1:20-cv-968, 2022 WL 873633, at *1 (W.D. Mich. Mar. 24, 2022) ("The First Amendment protects a prisoner's right to complain about conduct by prison officials. Those complaints do not have to rest upon constitutional rights in order to qualify as protected conduct."). But this is not one of those circumstances. Colvin filed frivolous grievances. Colvin then filed grievances asserting retaliation in response to the frivolous grievances. The Court already determined that the retaliation claims in the second set of grievances were meritless, but Colvin now seeks to assert that the second set of grievances constituted protected conduct. Instead of allowing Colvin to manipulate the grievance process,[9] creating retaliation claims out of thin air, the undersigned finds that grievances asserting retaliation based on non-protected conduct are themselves frivolous. Accordingly, the

---

[9]    The undersigned notes that Colvin is an active litigator. Colvin has filed seventeen other cases in the Western District of Michigan alone. Three of those cases were dismissed as frivolous, malicious, or for failure to state a claim. *See Colvin v. Kent Cty. Corr. Fac. et al.*, W.D. Mich. Case No. 4:96-cv-5; *Colvin v. Liquigli*, W.D. Mich. Case No. 4:00-cv-81; *Colvin v. Horton et al.*, W.D. Mich. Case No. 2:19-cv-194. At least eleven of the cases involved retaliation claims. *See Colvin v. Curtis et al.*, W.D. Mich. Case No. 1:02-cv-728; *Colvin v. Foy et al.*, W.D. Mich. Case No. 1:13-cv-465; *Colvin v. Heyns et al.*, W.D. Mich. Case No. 1:15-cv-70; *Colvin v. Martin*, W.D. Mich. Case No. 2:09-cv-96; *Colvin v. Capello et al.*, W.D. Mich. Case No. 2:10-cv-297; *Colvin v. Pederson*, W.D. Mich. Case No. 2:13-cv-219; *Colvin et al. v. MacLaren et al.*, W.D. Mich. Case No. 2:18-cv-88; *Colvin v. Horton et al.*, W.D. Mich. Case No. 2:19-cv-122; *Colvin v. Bauman et al.*, W.D. Mich. Case No. 2:19-cv-194.

Colvin is clearly no stranger to retaliation claims. In this case, he demonstrates his familiarity with the contours of retaliation both through his multi-level retaliation claim, and through his assertion of brand-new protected conduct in his response to Lt. Burke's motion for summary judgment.

undersigned finds that grievances URF-18-06-1538-27a and URF-18-06-1539-27a were frivolous. Because Colvin was not engaged in protected conduct when he filed grievances against Sgt. Koskela and Sgt. Bernhardt, Colvin's retaliation claim against CO Burke fails; the undersigned need not consider whether Burke has produced sufficient evidence that retaliatory motive was not the but-for cause behind his misconduct findings and sanctions.[10]

## VI. Burke's Immunity from Suit

In addition to asserting that he is entitled to summary judgment on the merits of Colvin's retaliation claim, Lt. Burke asserts that he is entitled to sovereign immunity in his official capacity, and qualified immunity in his individual capacity. (ECF No. 94, PageID.786-787.) Because the undersigned finds that there are no genuine issues of fact, and Burke is entitled to judgment as a matter of law, the undersigned need not determine whether Burke is entitled to immunity. Nevertheless, because a suit against a state employee in their official capacity is effectively a claim against the state itself, *Brandon v. Holt*, 469 U.S. 464, 471-72 (1985) ("[A] judgment against a public servant "in his official capacity" imposes liability on the entity that he represents."), and the State of Michigan has not consented to suit, *Harrison v. Michigan*, 722 F.3d 768 (6th Cir. 2013) ("It is well

---

[10] Though the undersigned notes that an affidavit denying retaliatory motive is generally insufficient to satisfy a defendant's burden of demonstrating that retaliatory motive was not the but-for cause of his adverse action. *Maben*, 887 F.3d at 268 (citing *Blatter*, 175 F.3d at 399) (finding that the defendant's affidavit asserting that he issued the plaintiff a misconduct ticket because the plaintiff was "causing a disturbance" and not because the plaintiff was engaged in protected conduct was insufficient to warrant summary judgment).

established that § 1983 does not abrogate the Eleventh Amendment, and that Michigan has not consented to the filing of civil rights suits against it in federal court." (citations omitted)), Burke is clearly entitled to sovereign immunity in his official capacity.[11] And because the undersigned finds that there are no genuine issues of fact, and Burke has not violated Colvin's clearly established right to be free from retaliation for engaging in protected conduct, Burke is also entitled to qualified immunity in his individual capacity. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) ("Government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.").

## VII. Recommendation

The undersigned respectfully recommends that this Court grant Lt. Burke's motion for summary judgment. The undersigned finds that there are no genuine issues of material fact, and that when a prisoner sets forth a multi-level, multi-defendant retaliation claim beginning with conduct that is not protected, the claim fails at all levels.

---

[11] Moreover, "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).

If the Court accepts this recommendation, Lt. Burke will be dismissed from this case and only Colvin's retaliation claims against CO Crisp and CO Russo will remain.

Dated:  July 27, 2022                                              /s/ *Maarten Vermaat*
                                                                                MAARTEN VERMAAT
                                                                                U. S. MAGISTRATE JUDGE

**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C) Fed. R. Civ. P. 72(b).  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).